974 So.2d 1066 (2008)
In re AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.240-DETERMINATION OF NEED FOR ADDITIONAL JUDGES.
No. SC07-14.
Supreme Court of Florida.
January 31, 2008.
Honorable Robert T. Benton, II, Chair, Rules of Judicial Administration Committee, First District Court of Appeal, Tallahassee, FL, and Alice Blackwell White, Chair, Commission of Trial Court Performance and Accountability, Ninth Judicial Circuit, Orlando, FL, for Petitioner.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On January 8, 2007, the Trial Court Performance and Accountability Commission (Commission) filed a petition with the Court proposing amendments to Florida Rule of Judicial Administration 2.240 (Determination of Need for Additional *1067 Judges). The proposed amendments are intended to update the criteria set forth in rule 2.240(b)(1) and reflect the new "weighted caseload" measure of judicial workload now utilized by the Court in determining the need for additional trial court judges.
The proposed amendments were published for comment in The Florida Bar News on March 1, 2007. No comments were received. The proposed amendments to rule 2.240 are unanimously supported by the members of the Commission. The Commission also represented that it has consulted with the trial court chief judges, and they concur with the proposed amendments. We have previously adopted the case weight methodology in place of the case filings per judge threshold for use in determining the need for judges in the district courts of appeal. See In re Report of the Commission on District Court of Appeal Performance and Accountability Rule of Judicial Administration 2.035, 933 So.2d 1136 (Fla.2006); Fla. R. Jud. Admin. 2.240(b)(2).
Upon consideration, we adopt the amendments to Florida Rule of Judicial Administration 2.240(b)(1) as proposed by the Commission. First, subdivision (b)(1)(A) is rewritten to replace the case filings per judge threshold with the case weight methodology, which relies primarily on case weights, forecasted case filings, and calculations of available judge time to determine the need for additional trial court judges. Next, subdivision (b)(1)(B), which currently lists "other factors" which may be used in the determination of the need for additional judges, is amended to (1) delete the reference to case filing thresholds, (2) delete "the nature and complexity of cases" as a separate factor because it will already be factored into the calculation of case weights, (3) incorporate the term "magistrate" in keeping with 2004 legislation,[1] and (4) conform language regarding "availability and use" of county court and senior judges to that used in subsequent subdivisions. Finally, new subdivision (b)(1)(C) is added, requiring the Commission to "review the trial court workload trends and case weights and consider adjustments no less than every five years."[2]
Accordingly, we hereby adopt the amendments to Florida Rule of Judicial Administration 2.240 (Determination of Need for Additional Judges) as reflected in the appendix to this opinion. New language is indicated by underlining, and deleted language is struck through. The amendments shall become effective immediately.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
Rule 2.240. DETERMINATION OF NEED FOR ADDITIONAL JUDGES
(a) [No change]
(b) Criteria.
*1068 (1) Trial Courts.
(A) The following thresholds have been established based upon caseload statistics supplied to the state courts administrator by the clerks of the circuit courts. Courts either at or projected to be at the thresholds are presumed to have a need for one or more additional judges. The thresholds are not an optimal level but reflect that the courts are operating above capacity. Assessment of judicial need at the trial court level is based primarily upon the application of case weights to circuit and county court caseload statistics supplied to the Office of the State Courts Administrator by the clerks of the circuit courts, pursuant to rule 2.245, Florida Rules of Judicial Administration. Such case weights provide a quantified measure of judicial time spent on case-related activity, translating judicial caseloads into judicial workload by factoring in the relative complexity by case type in the following manner:
(i) The circuit court threshold is 1,865 case filings per circuit judge. These case filings include circuit criminal (includes worthless checks), civil (includes habeas corpus), juvenile dependency and delinquency, domestic relations (including child support), probate, guardianship, and mental health cases. The circuit court case weights are applied to forecasted case filings, which include circuit criminal (includes felony, drug court, and worthless check cases), circuit civil (includes matters involving claims of $15,000.01 and above), family (includes domestic relations, juvenile dependency, and juvenile delinquency cases), and probate (includes guardianship, mental health, and trust cases).
(ii) The county court threshold is 6,114 case filings per county judge. These case filings include criminal misdemeanor, county civil (including small claims and landlord-tenant), violations of county or municipal ordinances, DUI, and other criminal traffic cases; they do not include worthless check cases. The county court case weights are applied to forecasted filings, which include county criminal (includes misdemeanor, violations of county and municipal ordinance, worthless check, driving under the influence, and other criminal traffic cases), and county civil (includes small claims, matters involving claims ranging from $5,000.01 to $15,000, landlord-tenant, and civil traffic infraction cases).
(B) Other factors may be utilized in the determination of the need for one or more additional judges. These other factors may indicate that need for an additional judge(s) even though a court may not have achieved the presumptive threshold. Conversely, the absence of these other factors may mitigate the need for one or more additional judges. These other factors include, but are not limited to, the following:
(i) County judge availability to serve and county judge service in circuit court. The availability and use of county court judges in circuit court.
(ii) The use and availability and use of senior judges to serve on a particular court.
(iii) The availability and use of supplemental hearing officers magistrates and hearing officers.
(iv) The extent of use of alternative dispute resolution.
(v) The number of jury trials.
(vi) Foreign language interpretations.

*1069 (vii) The geographic size of a circuit, including travel times between courthouses in a particular jurisdiction.
(viii) Law enforcement activities in the court's jurisdiction, including any substantial commitment of additional resources for state attorneys, public defenders, and local law enforcement.
(ix) The availability and use of case-related support staff and case management policies and practices.
(x) The nature and complexity of cases coming before the courts in the jurisdiction.
(xi) Caseload trends.
(C) The Commission on Trial Court Performance and Accountability shall review the trial court workload trends and case weights and consider adjustments no less than every five years.
(2) District Courts of Appeal. [No Change]
(c)-(d) [No Change]

Court Commentary

[No Change]
NOTES
[1] See ch. 2004-11, §§ 3, 52-103, Laws of Fla. the term "masters" in numerous sections of Florida Statutes).
[2] The Commission also recommended that the reference to the Court's opinion in In re Report of the Commission on District Court of Appeal Performance and AccountabilityRule of Judicial Administration 2.035 in subdivision (a) of rule 2.240 be amended to reflect the current Southern Reporter citation. However, this change was recently made when the Florida Rules of Judicial Administration were renumbered. See In re Amendments to the Florida Rules of Judicial AdministrationReorganization of the Rules, 939 So.2d 966 (Fla. 2006). Accordingly, it need not be further addressed here.